# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BRIAN HASSETT, *et al.*

        Plaintiffs,

v.

FCA US LLC, *et al.*

        Defendants.

Civil Action No. 2:15-cv-11030

Hon. Gershwin A. Drain

Magistrate Judge Anthony P. Patti

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTIONS TO DISMISS FILED BY DEFENDANTS FCA US LLC AND SCHRADER-BRIDGEPORT INTERNATIONAL, INC.

Erik L. Walter  (P55132)
Patrick J. Perotti
Nicole T. Fiorelli
Frank A. Bartela
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 S. Park Place
Painesville, OH  44077
(440) 352-3391
ewalter@dworkenlaw.com

Thomas Robenalt
*Application for Admission Pending*
**THE ROBENALT LAW FIRM**
19702 Center Ridge Road
Rocky River, OH 44116
(216) 223-7535
trobenalt@robenaltlaw.com

Wolfgang Mueller, Esq.
**MUELLER LAW FIRM**
34405 W. Twelve Mile Rd. Ste. 200A
Farmington Hills, MI 48331
(248) 489-9659 // (248) 489-9665 (fax)

*Attorneys for Plaintiffs*

# CONTROLLING AUTHORITY

**Cases**

*Alves v. Siegel's Broadway Auto Parts, Inc.,* 710 F. Supp. 864 (D. Mass.

    1989) ...................................................................................................................9

*Anderson v. Dassault Falcon Jet Corp.,* No. 1:01-CV-640, 2003 U.S. Dist.

    LEXIS 17843 (W.D. Mich. Sept. 30, 2003)..................................................10, 15

*Brandt v. Starwood Hotels & Resorts Worldwide, Inc.,* No. 02-10285-BC,

    2004 U.S. Dist. LEXIS 25596 (E.D. Mich. Dec. 14, 2004)...........................10, 15

*Chaz Concrete Co., LLC v. Codell,* 2006 U.S. Dist. LEXIS 60013, 2006 WL

    2453302, (E.D.Ky. Aug. 23, 2006) ....................................................................13

*Date v. Sony Elect., Inc.,* 2010 U.S. Dist. LEXIS 96870 (E.D. Mich. 2010)............7

*Game On Ventures v. General RV Center, Inc.,* 587 F. Supp. 2d 831 (E.D.

    Mich. 2008) ..........................................................................................................7

*In re OnStar Contract Litigation,* No. 2:07-MDL-01867, 2010 U.S. Dist.

    LEXIS 87471 (E.D. Mich. Aug. 25, 2010) ....................................................8, 11

*In re Porsche Cars North America, Inc. Plastic Coolant Tubes Products*

    *Liability Litig.,* 880 F. Supp.2d 801 (S.D. Ohio 2012)..................................2, 4, 5

*Kelly v. Ford Motor Co.,* 933 F. Supp. 465 (E.D. Pa. 1996)............................10, 15

*Kuns v. Ford Motor Co.,* 543 Fed. Appx. 572 (6th Cir. 2013)..................................5

*Loreto v. Procter & Gamble Co.,* No. 1:09-cv-815, 2013 U.S. Dist. LEXIS 162752 (S.D. Ohio Nov. 15, 2013) ................................................................12, 13

*Luppino v. Mercedes-Benz,* No. 09-5582 (DMC)(JAD), 2011 U.S. Dist. LEXIS 65495 (D.N.J. June 20, 2011) ................................................................5, 6

*McGee v. East Ohio Gas Co.,* 200 F.R.D. 382 (S.D. Ohio 2001) ...........................12

*Miller v. Hypoguard USA, Inc.,* No. 05-CV-0186-DRH, 2005 U.S. Dist. LEXIS 36062 (S.D. Ill. Dec. 20, 2005) ................................................................5

*Pack v. Damon Corp.,* No. 04-2163, 2006 U.S. App. LEXIS 2303 (6th Cir. Jan. 5, 2006) ................................................................6

*Pilgrim v. Universal Health Card, LLC,* No. 5:09CV879, 2010 U.S. Dist. LEXIS 28298 (N.D. Ohio Mar. 25, 2010) ................................................................13

*Powers v. Hamilton County Public Defender Commission,* 501 F.3d 592 (6th Cir. 2007) ................................................................14

*Ramakrishna v. Besser Co.,* 172 F. Supp. 2d 926 (E.D. Mich. 2001) ...............11, 12

*Scheurer Hospital v. Lancaster Pollard & Co.,* No. 12-11536, 2012 U.S. Dist. LEXIS 104987 (E.D. Mich. July 27, 2013) ................................................................9, 10, 14

*Spence v. Three Rivers Builders & Masonry Supply, Inc.,* 353 Mich. 120 (1958) ................................................................6, 8, 9

*Upgren v. Executive Aviation Services, Inc.,* 326 F. Supp. 709 (D. Md. 1971) ........9

*Zanger v. Gulf Stream Coach, Inc.,* No. 05-72300, 2006 U.S. Dist. LEXIS

   33396 (E.D. Mich. May 25, 2006) ....................................................................3, 4

**Statutes**

15 U.S.C. § 2301(7) ..........................................................................................2

15 U.S.C. § 2310(e) .....................................................................................4, 5, 6

MCL § 440.2314(2)(c) ......................................................................................2

**Other Authorities**

Prosser, Torts, 2d ed., § 84, p. 507............................................................................9

# QUESTIONS PRESENTED

1. Should Defendants' request to dismiss Plaintiffs' Magnusson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.*, claim be denied where Plaintiffs have properly pleaded a claim under such act, an opportunity to cure is not required, and there is no privity requirement for such claim as Defendants have asserted?

2. Should Defendants' request to dismiss Plaintiffs' Michigan Consumer Protection Act claim be denied where plaintiffs need not plead an MCPA violation with the same specificity required for a fraud claim, as Defendants have asserted, because the Eastern District of Michigan has held that such specificity is not required for MCPA claims based on the unfair or unconscionable conduct of a defendant, which is the basis for Plaintiffs' claims in this suit?

3. Should Plaintiff Rosipko, who purchased her vehicle and resides in the State of Ohio, be permitted to invoke Michigan law for her claim brought under the Magnusson-Moss Warranty Act and the Michigan Consumer Protection Act where Michigan has a strong interest in applying its law to the two Defendants, which have substantial business interests in the state, and where the conduct causing the injury occurred in Michigan?

4. Should Defendant Schrader's request to strike Plaintiffs' class claims be denied where the Plaintiffs have pleaded an ascertainable and manageable class that is not overbroad?

## I. Introduction.

The Defendants caused defective tire pressure monitoring ("TPMS") sensors to be installed in the Plaintiffs' cars. The defects in the TPMS could and did cause a sudden loss of tire pressure while the Plaintiffs' vehicles were being driven. Complaint, ¶¶ 63, 66-67. This highly dangerous defect could have been avoided if the Defendants had followed standard industry practices with respect to the manufacture of TPMS sensors, but they chose not to. As a result of the Defendants' conduct, each of the named Plaintiffs has out-of-pocket costs associated with the replacement of the defective TPMS sensors that the Defendants caused to be installed in their cars.

Before the Court are two motions to dismiss all of the Plaintiffs' claims, and to strike the Plaintiffs' class allegations. The motions to dismiss should be denied with respect to Counts Two and Three of the Complaint: Plaintiff's claim for a Magnuson-Moss Warranty Act violation and a Michigan Consumer Protection Act violation are actionable.[1]  And, the motion to strike the class claims should likewise be denied where the Plaintiffs proposed class definition is not overbroad because the putative class members are at risk of injury from the Defendants' conduct.

---

[1] Plaintiffs withdraw the remaining counts of their Complaint, Counts 1and 4.

## II.  Plaintiffs have pleaded a valid claim under the Magnuson-Moss Act.

Plaintiffs have brought a valid claim for a breach of an implied warranty under the Magnuson-Moss Warranty Act. Contrary to the Defendants' arguments, named Plaintiffs in a class action do not have to provide pre-filing notice of a breach of warranty to bring their claims under Magnuson-Moss. See *In re Porsche Cars North America, Inc. Plastic Coolant Tubes Products Liability Litig.,* 880 F. Supp.2d 801, 824 (S.D. Ohio 2012). Further, the Plaintiffs' Magnuson Moss claim is based on Michigan's implied warranty standard, which does not include any privity requirement to assert a breach of implied warranty. See 15 U.S.C. § 2301(7) ("The term 'implied warranty' means an implied warranty arising under State law[.]")  Therefore, Plaintiffs claim under the Magnuson-Moss Act should not be dismissed.

### a.  The Plaintiffs have claims for a breach of warranty.

To be merchantable, goods must be "fit for the ordinary purposes for which such goods are used[.]" MCL § 440.2314(2)(c). The Plaintiffs have alleged that the TPMS sensors at issue were not fit for ordinary purposes because they lacked rubber sheathing, lacked brass valve stems, and lacked replaceable valve stems. Complaint, ¶¶ 23, 32, 34, and 40. For these reasons, the Plaintiffs' TPMS sensors failed. Complaint, ¶¶ 49, 53, 63, 64, 66, 67, and 78. The relief sought by the Plaintiffs is not, as FCA's brief implies, a complete refund of the purchase price of

their vehicles, but the costs associated with the replacement of the defective TPMS sensors. Complaint, ¶ 132.

In arguing that the TPMS sensors were merchantable, FCA cites to *Zanger v. Gulf Stream Coach, Inc.,* No. 05-72300, 2006 U.S. Dist. LEXIS 33396 (E.D. Mich. May 25, 2006), a case in which the plaintiff sought the refund of the purchase price of an entire vehicle because of the failure vehicle of two or three components. That case is inapposite, because the Plaintiffs in this case do not seek a refund of their vehicle purchase price.

In *Zanger,* the plaintiff purchased a new 2004 Gulf Stream Endura. *Id.* at *1-2. Multiple repairs were performed on the vehicle in July and August 2004. At that point, the plaintiff sought to have the dealer buy back the vehicle. *Id.* at *3.

The court granted summary judgment to the defense for the following reasons: the plaintiff only brought the motor home in twice for repairs; the plaintiff described the condition of the vehicle as "good"; the defendant submitted testimony that the only current defect with the motor home was that the cigarette lighter didn't work because of a blown fuse; and, the plaintiff suffered no damages because he had no out-of-pockets costs for the repairs of the motor home. *Id.* at *15-18. Here, the TPMS sensors have completely failed and been replaced at the Plaintiffs' expense. Complaint, ¶¶ 48-54, 63-68, 77-79. Presumably, the result in

*Zanger* would have been different if the motor home had been junked, at the plaintiff's expense, as a result of the manufacturing defects.

###   b.  Under 15 U.S.C. § 2310(e), plaintiffs bringing a class action Magnuson-Moss claim may file suit before the defendant is afforded an opportunity to cure.

Under 15 U.S.C. § 2310(e), a class of consumers may proceed with a Magnuson-Moss claim, without providing an opportunity to cure, "to the extent the court determines necessary to establish the representative capacity of the named plaintiffs[.]" A Sixth Circuit district court explained: "plaintiffs bringing a class action may file suit before the defendant is afforded an opportunity to cure for the limited purpose of establishing the representative capacity of the named plaintiffs…. Once a court makes this determination, but before the class can proceed, the defendant must be afforded an opportunity to cure the alleged breach of warranty and the named plaintiffs must at that point inform the defendant that they are acting on behalf of a class." *In re Porsche Cars North America, Inc. Plastic Coolant Tubes Products Liability Litig.,* 880 F. Supp.2d 801, 824 (S.D. Ohio 2012).

The Southern District of Ohio explained that the only way to reconcile the clause in Section 2310(e) stating that "a class of consumers may not *proceed* in a class action . . . except to the extent the court determines necessary to establish the representative capacity of the named plaintiffs" with the rest of the statute "is to

read *Section 2310(e)* as standing for the proposition that a class action may be brought, but may not proceed once the court determines the representative capacity of the named plaintiffs, until the defendant is provided with an opportunity to cure the alleged defect." *In re Porsche,* 880 F. Supp.2d at 825.

FCA posits that because the Plaintiffs did not comply with the notice requirements for breach of warranty under Michigan law, their Magnuson-Moss claims are barred. But not one of the decisions cited by FCA for that proposition held that the notice provision contained at 15 U.S.C. § 2310(e) is controlled by state law. In both *Miller v. Hypoguard USA, Inc.,* No. 05-CV-0186-DRH, 2005 U.S. Dist. LEXIS 36062, *7 (S.D. Ill. Dec. 20, 2005) and *Kuns v. Ford Motor Co.,* 543 Fed. Appx. 572 (6th Cir. 2013), the courts addressed the notice requirements of 15 U.S.C. § 2310(e) and determined that, given the specific facts of those cases, they were not met. They did not hold, as FCA suggests, that state law notice requirements control under federal law. And, in *Luppino v. Mercedes-Benz,* No. 09-5582 (DMC)(JAD), 2011 U.S. Dist. LEXIS 65495, *7 (D.N.J. June 20, 2011), the court did not address the specific notice requirement set forth in Section 2310(e). Instead, it cited its own earlier decision in which it had held that the elements of a written warranty claim under Magnuson-Moss were substantially the same as those of New Jersey's Uniform Commercial Code. *Luppino,* 2011 U.S. Dist. LEXIS 65495, at *8, n.4, citing *Luppino v. Mercedes-Benz USA, LLC,* No.

5

09-5582 (DMC) (JAD), 2010 U.S. Dist. LEXIS 83584, at *13, n.3 (D.N.J. Aug. 16, 2010).

None of these courts held, as FCA implies, that 15 U.S.C. § 2310(e) is surplusage and that Congress intended for state law notice requirements to control under federal law.

### c. The Sixth Circuit has held that Michigan does not require privity for implied-warranty claims.

Schrader argues that Michigan law requires privity to bring an implied-warranty claim. Schrader Brief, p. 18. In support of its position, it cites a series of cases pre-dating 2006, the year in which the Sixth Circuit held: "we conclude that Michigan has abandoned the privity requirement for implied-warranty claims[.]" *Pack v. Damon Corp.,* No. 04-2163, 2006 U.S. App. LEXIS 2303 (6th Cir. Jan. 5, 2006). In reaching that conclusion, the *Pack* court cited *Spence v. Three Rivers Builders & Masonry Supply, Inc.,* 353 Mich. 120 (1958), noting that in *Spence,* "the Michigan Supreme Court reversed its traditional privity requirement for implied warranty claims" and "criticized the privity requirement at length." *Pack,* 2006 U.S. App. LEXIS 2303, at *20.

According to the Sixth Circuit, "*Spence* and its progeny have been cited with approval after the adoption of the MUCC to hold that privity is not required to sustain an implied-warranty claim for economic losses." *Id.* at *21. As a result, in

the Sixth Circuit, a plaintiff does not have to allege privity to bring a claim for breach of implied warranty under Michigan law.

## III. Plaintiffs have pleaded a valid claim under the MCPA.

While Defendants assert that Plaintiffs' MCPA claims fail to meet the heightened pleading requirements of Rule 9(b), Defendants fail to acknowledge that the Eastern District of Michigan has also held that "[t]he MCPA is much broader than the common law tort of fraud, covering not only deceptive practices but also unfair and unconscionable conduct." *Date v. Sony Elect., Inc.*, 2010 U.S. Dist. LEXIS 96870, at * 42 (E.D. Mich. 2010); *Game On Ventures v. General RV Center, Inc.*, 587 F. Supp. 2d 831, 839 (E.D. Mich. 2008). Accordingly, because plaintiffs may bring an action under the MCPA based on the unfair or unconscionable conduct of a defendant, a Plaintiff "need not necessarily allege the elements of fraud and certainly need not plead a claim under the MCPA with the particularity required by Federal Rule of Civil Procedure 9(b)." *Date*, 2010 U.S. Dist. LEXIS 96870, at *42.

Here, Plaintiffs need not meet the particularity requirements of Rule 9(b) because they have alleged that the violation of the MCPA at issue is based on the unconscionable and unfair conduct of the Defendants. *Date*, 2010 U.S. Dist. LEXIS 96870, at *42; *Game On Ventures*, 587 F. Supp. 2d at 839. Specifically, Plaintiffs have alleged a violation of the MCPA based on the unconscionable

commercial practices of the Defendants for failing to alert consumers that the TPMS systems at issue were defective. (Complaint, ¶103(d)). Thus, Plaintiffs claim under the MCPA should not be dismissed.

## IV. Michigan law applies to Plaintiff Rosipko's claims.

FCA and Schrader incorrectly assert that, as an Ohio resident, Rosipko cannot invoke Michigan law.

Schrader specifically argues that Plaintiff Rosipko cannot bring an MCPA class action because such a claim can only be brought by Michigan residents or plaintiffs who were injured in Michigan. Schrader Brief, p. 13. That is incorrect. In *In re OnStar Contract Litigation,* No. 2:07-MDL-01867, 2010 U.S. Dist. LEXIS 87471 (E.D. Mich. Aug. 25, 2010), the district court concluded "that the MCPA's limitation on class actions conflicts with Rule 23 of the Federal Rules of Civil Procedure and therefore does not prevent non-residents from pursuing class-action claims under the MCPA[.]" *Id.* at *20-21. Schrader ignores this recent decision from this district and, instead, relies on a 1993 decision from an Illinois district court. *OnStar* controls, and permits the Ohio Plaintiffs to pursue class claims under the MCPA.

Plaintiff Rosipko may also bring her claim for a violation of the Magnuson-Moss Warranty Act in Michigan. Under Michigan law, the Plaintiffs' implied breach of warranty claim is, in essence, a tort claim. *Spence v. Three Rivers*

*Builders & Masonry Supply, Inc.,* 353 Mich. 120, 131 (1958) ("we have solemnly told litigants and their counsel that suing for breach of an implied warranty is in effect tantamount to suing for negligence"); see *Upgren v. Executive Aviation Services, Inc.,* 326 F. Supp. 709, 715 (D. Md. 1971), quoting Prosser, Torts, 2d ed., § 84, p. 507 ("'The preoccupation with contract in connection with warranty has no sound foundation. The action for breach of warranty was originally a tort action …, and it is by no means clear that it was anything more than accident that the cases which arose involved contracts which led its being regarded as a matter of contract at all.'"); *Alves v. Siegel's Broadway Auto Parts, Inc.,* 710 F. Supp. 864, 869, n. 4 (D. Mass. 1989) ("under Massachusetts law 'a claim for breach of warranty of merchantability is in essence a tort claim'").

"To decide tort choice-of-law issues, Michigan applies the lex fori rule." *Scheurer Hospital v. Lancaster Pollard & Co.,* No. 12-11536, 2012 U.S. Dist. LEXIS 104987, at *17-18 (E.D. Mich. July 27, 2013). Under lex fori, the law of the forum state applies unless there is a reason to displace it. *Id.* at *18. In *Scheurer,* a Michigan hospital sued an Ohio law firm. *Id.* at *20. Although the court recognized that the law firm was regulated by the state of Ohio, and that Ohio has an interest in ensuring that its lawyers fulfill their professional obligations, Michigan had an interest "in protecting the quality of health care facilities serving Michigan residents." *Id.* Given those circumstances, the court

concluded that Michigan law applied, because it could not be said that Michigan has only a minimal interest in the matter. *Id.* at *20-21.

Similarly, in this case, there is no reason to displace Michigan law. FCA's headquarters, primary manufacturing, design, and testing facilities are all in the state of Michigan. Complaint, ¶ 4. And, Schrader developed, tested, marketed, and supported the TPMS at issue in this case using facilities and personnel in the state of Michigan. *Id.* at ¶ 5. When a corporation has "substantial business operations" in Michigan that affect the Michigan economy, Michigan has a "very strong interest in having its law applied to [any] claim" against such corporation. *Anderson v. Dassault Falcon Jet Corp.,* No. 1:01-CV-640, 2003 U.S. Dist. LEXIS 17843, *23-24 (W.D. Mich. Sept. 30, 2003); see *Brandt v. Starwood Hotels & Resorts Worldwide, Inc.,* No. 02-10285-BC, 2004 U.S. Dist. LEXIS 25596, *12 (E.D. Mich. Dec. 14, 2004) (the "interest of seeing that Michigan law uniformly applies in Michigan courts is especially acute when the business entity against which liability is sought operates a hostelry within [Michigan]"); *Kelly v. Ford Motor Co.,* 933 F. Supp. 465, 471 (E.D. Pa. 1996) ("Michigan has a strong interest in seeing that its domiciliary defendants are protected from excessive financial liability"). Given that both of the corporate Defendants have substantial business operations in Michigan, as was the case in *Schuerer,* Michigan has more than a

minimal interest in applying its law, and, as the law of the forum, it should not be displaced.

FCA relies heavily on *In re OnStar Contract Litigation,* No. 2:07-MDL-01867, 2010 U.S. Dist. LEXIS 87471 (E.D. Mich. Aug. 25, 2010) in support of its position that Michigan law does not apply to Rosipko's claim. FCA Brief, pp. 7-8. But *OnStar* is inapposite, because none of the parties to whom the plaintiffs sought to apply Michigan law were Michigan residents. Instead, residents of Washington, California, New York, and Colorado sought to apply Michigan law to corporations located in New Jersey, California, and Virginia. *OnStar,* 2010 U.S. Dist. LEXIS 87471, at *40-50. The district court concluded that "Michigan has little or no interest in having its consumer protection act laws apply to class action claims asserted against a non-resident company, by non-residents[.]" *Id.* at *49-50. That is not the fact pattern here.

FCA also contends that the "fortuitous location" of corporate headquarters is not a sufficient basis to apply Michigan law. FCA Brief, p. 9. But the allegations of the complaint are that Schrader developed, engineered, designed, and tested the defective components in Michigan. Complaint, ¶ 5. And, FCA designed its vehicles, in Michigan to use the defective valve stems. Complaint, ¶¶ 4, 34. Therefore, the conduct causing the injury occurred in Michigan. And that fact favors applying Michigan law to these claims. *Ramakrishna v. Besser Co.,* 172 F.

Supp. 2d 926, 932 (E.D. Mich. 2001) (among the interests Michigan courts consider in a choice of law analysis are "the place where the conduct causing the injury occurred" and the "place of business of the parties"). Thus, applying Michigan law to these claims is appropriate for reasons beyond the "fortuitous" location of a particular defendant's corporate headquarters.

The presumption in Michigan is that "the law of the forum applies unless there is a rational reason to displace it with the law of another location." *Ramakrishna,* 172 F. Supp. 2d at 932. Here Michigan has a strong interest in applying its law to the two Defendants, which have substantial business interests in the state, and that is particularly true in this case because the conduct causing the injury occurred in Michigan. Therefore, there is no rational reason to apply the law of another state to Rosipko's claims.

## V.     The proposed class definition is not overbroad.

Schrader cites *Loreto v. Procter & Gamble Co.,* No. 1:09-cv-815, 2013 U.S. Dist. LEXIS 162752, *12 (S.D. Ohio Nov. 15, 2013) for the proposition that a class is overbroad "if it includes a significant number of consumers who have not suffered any injury or harm." But, in making that holding, the *Loreto* court quoted *McGee v. East Ohio Gas Co.,* 200 F.R.D. 382, 388 (S.D. Ohio 2001): "a class is overbroad where it 'would include members who have not suffered harm at the hands of the Defendant *and are not at risk to suffer such harm.*'" (Emphasis

added.) *Loreto,* 2013 U.S. Dist. LEXIS 162752, at *12. The Northern District of Ohio has also adopted the rule that a class may be overly broad if it includes class members "'who have not suffered harm at the hands of the Defendant and are not at risk to suffer such harm.'" *Pilgrim v. Universal Health Card, LLC,* No. 5:09CV879, 2010 U.S. Dist. LEXIS 28298, *5-6 (N.D. Ohio Mar. 25, 2010), quoting *Chaz Concrete Co., LLC v. Codell,* 2006 U.S. Dist. LEXIS 60013, 2006 WL 2453302, at *6 (E.D.Ky. Aug. 23, 2006). Here, any class member who has not been harmed by the Defendants' conduct is still at risk of such harm. Complaint, ¶¶ 23, 34, 43. The *Loreto* decision is readily distinguished.

In *Loreto,* the plaintiffs brought a false advertising claim on behalf of millions of New Jersey consumers based on a statement found at a Vicks.com web page, which had received a total of 2,167 total page views. *Loreto,* 2013 U.S. Dist. LEXIS 162752, at *12. The *Loreto* court observed: "[O]nly a few thousand individuals out of millions of purchasers were ever exposed to the [offending] statement. Even if the Court assumes that each of the 2,167 page views represents a unique viewer, and that each of those individuals actually purchased the Products, less than 1/4 of 1% of all purchasers of the Products nationwide were exposed to that statement." *Id.* The web page at issue appeared at Vicks.com "for a period of months." *Id.* at *7. So it was clear at the time the court addressed the

issue that putative class members who had not been injured at that time would not be injured in the future. That is not the case here.

Even if the class were overbroad, the Court has the ability to modify it. *See Powers v. Hamilton County Public Defender Commission,* 501 F.3d 592, 618 (6th Cir. 2007) ("[A]s presently defined, the class is overbroad …. Therefore, we will modify the class definition[.]"). But, given that the Plaintiffs have not yet conducted any discovery, much less moved for class certification, such a modification is premature.

## VI.    The nationwide class claims can be prosecuted under Michigan law.

As noted above, Michigan applies the lex fori rule to decide choice-of-law issues. *Scheurer Hospital,* 2012 U.S. Dist. LEXIS 104987, at *17. Under lex fori, the law of the forum state applies unless there is a reason to displace it. *Scheurer*, at *18. Therefore, Michigan law applies to these claims, unless Michigan has only a minimal interest in the matter. *Id.* at *20-21. But Michigan has a substantial interest in this matter: "The State of Michigan has an overwhelming state interest in protecting its citizens and the citizens of the United States of America, from inferior products developed, engineered, designed, tested, marketed, sold, and supported from facilities located within Michigan[.]" Complaint, ¶ 8. The TPMS sensors were "in substantial part developed, engineered, designed, tested, marketed, sold, and supported by Schrader facilities and personnel in the State of

Michigan." *Id.* at ¶ 5. Because Schrader developed, engineered, designed, and tested the defective components in Michigan (Complaint, ¶ 5), and FCA designed its vehicles in Michigan (Complaint, ¶¶ 4, 34), the conduct causing the injury occurred in Michigan. That fact weighs in favor of applying Michigan law to the class members' claims.

Also, both Defendants have "substantial business operations" in Michigan that affect the Michigan economy, and Michigan has a "very strong interest in having its law applied to [any] claim" against such corporation. *Anderson,* U.S. Dist. LEXIS 17843, *23; see *Brandt,* 2004 U.S. Dist. LEXIS 25596, *12 (the "interest of seeing that Michigan law uniformly applies in Michigan courts is especially acute when the business entity against which liability is sought operates a hostelry within [Michigan]"); *Kelly,* 933 F. Supp. at 471 ("Michigan has a strong interest in seeing that its domiciliary defendants are protected from excessive financial liability"). Under these circumstances, Michigan has more than a minimal interest in applying its law, and, as the law of the forum, it should not be displaced.

Schrader, which argues that the class claims would have to be addressed under multiple states' law, does not explain why that would be the case under lex fori. Under lex fori, which is the rule in Michigan, the Plaintiffs' claims under the Magnuson-Moss Warranty Act and the MCPA would properly be certified on a nationwide basis applying Michigan law.

## XI. Conclusion.

For the foregoing reasons, the Defendants' motions to dismiss Counts Two and Three of the Plaintiffs' complaint and Schrader's motion to strike the class claims should be denied.

Respectfully submitted,

*/s/ Frank A. Bartela*

Erik L. Walter, Esq. (P55132)
Patrick J. Perotti, Esq.
Nicole T. Fiorelli, Esq.
Frank A. Bartela, Esq.
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: ewalter@dworkenlaw.com
   pperotti@dworkenlaw.com
   nfiorelli@dworkenlaw.com
   fbartela@dworkenlaw.com

Tom Robenhalt, Esq. (seeking admission)
**THE ROBENALT LAW FIRM, INC.**
19702 Center Ridge Rd.
Rocky River, Ohio 44116
(216) 223-7535
Email: trobenalt@robenaltlaw.com

Wolfgang Mueller, Esq.
**MUELLER LAW FIRM**
34405 W. Twelve Mile Rd., STE 200A
Farmington Hills, MI 48331
(248) 489-9659//(248) 489-9655 Fax

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

　　 *s/ Frank A. Bartela*
Frank A. Bartela, Esq.
**DWORKEN & BERNSTEIN CO., L.P.A.**

*One of Attorneys for Plaintiffs*